MELISSA ANNE HAILEY, *pro hac vice*
JAMES JAY TUTCHTON, *pro hac vice*
WildEarth Guardians
1536 Wynkoop Street, Suite 301
Denver, CO 80202
(505) 988-9126
jtutchton@wildearthguardians.org
mhailey@wildearthguardians.org

JUDITH M. BRAWER (Bar No. 6582)
1502 N. 7th Street
Boise, Idaho 83702
(208) 871-0596
jbrawerlaw@cableone.net

*Attorneys for the Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| WILDEARTH GUARDIANS and WESTERN WATERSHEDS PROJECT, )<br>)<br>) | |
| ) | Case No. CIV 08-508-EJL-LMB |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| KEN SALAZAR, ) | |
| United States Secretary of the Interior, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE FILED ON AUGUST 13, 2010**

On August 13, 2010, Defendant Salazar, U.S. Secretary of the Interior ("the Secretary"), filed an inconspicuously placed motion to strike portions of Plaintiffs WildEarth Guardians' and Western Watershed Project's (collectively, "Guardians") standing declarations within the body of a document entitled, "Combined Response to Plaintiffs' Statement of Material Facts and Statement of Additional Material Facts in Support of His Cross-Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment and Motion to Strike." See Dkt. 46-2 at 17-18.  Though the Secretary's combination filing violates Loc. Civ. R. 7.1(b)(1) (requiring a motion be accompanied by a *separate* brief), Guardians nonetheless responds, pursuant to Loc. Civ. R. 7.1(c)(1), to that portion of the Secretary's filing constituting his motion to strike.  Guardians' response is straightforward: because Defendant's motion rests on the erroneous premise that Guardians cannot submit standing declarations without first moving to supplement the administrative record, Defendant's motion should be denied.

## I. PLAINTIFFS BEAR THE BURDEN TO SHOW THEY ARE DIRECTLY AFFECTED BY THE CHALLENGED DECISION

The Constitutional doctrine of standing "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." Summers v. Earth Island Institute, 129 S.Ct. 1142, 1149 (2009) (emphasis in original) (internal quotation omitted).  The Plaintiff "bears the burden of showing that he has standing for each type of relief sought." Id.  For injunctive relief, a plaintiff must demonstrate:

> that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.

1

Id., citing Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 180-181 (2000).

The Supreme Court explained that "[b]y particularized, we mean that the injury must affect the plaintiff in a *personal and individual way*." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 n.1 (1992) (emphasis added). The plaintiff must establish standing through submission of "affidavits…showing, through specific facts…that one or more of [its] members would…be directly affected by the allegedly illegal activity." Summers, 129 S.Ct. at 1151–52 (internal quotations omitted). "On a summary judgment motion, the plaintiff bears the burden of showing specific facts as to each element of standing." Churchill County v. Babbitt, 150 F.3d 1072, 1077 (9th Cir.1998), amended and superseded by Churchill County v. Babbitt, 158 F.3d 491 (9th Cir.1998).

## II.     GUARDIANS' STANDING DECLARATIONS ARE PROPERLY BEFORE THIS COURT

The Secretary moves to strike certain paragraphs of Guardians' standing declarations because these paragraphs allegedly contain impermissible opinions and interpretations, which constitute extra-record material. See Dkt. 46-2 at 17 (seeking to strike paragraph 6 of the Nichols Declaration (Dkt. 35-3), paragraphs 3, 5, and 6 of the Salvo Declaration (Dkt. 35-4), and paragraphs 5-8 of the Fite Declaration (Dkt. 35-5)). The Secretary's motion must fail for two reasons. First, standing declarations need not be entered into the administrative record supporting the Secretary's administrative finding. Second, personal opinions, alleging personal injury and continuing harm, are a proper – if not necessary – component of standing declarations.

### A. Declarations Need Not be Entered into the Administrative Record When They are Considered Only for Standing Purposes

The Secretary argues that the Court may not consider portions of Guardians' standing declarations because Guardians did not first file a motion to supplement the record with the information contained therein. This argument has been considered and rejected by Ninth Circuit.

Courts consider standing declarations as a jurisdictional matter separate and distinct from the merits of the case. See Northwest Environmental Defense Center ("NEDC") v. Bonneville Power Admin., 117 F.3d 1520, 1527-28 (9th Cir.1997). In NEDC, plaintiffs sought direct review of an administrative action in the Ninth Circuit, and submitted four affidavits to establish their standing. See id., at 1527. As here, the federal defendants objected to the affidavits and "moved to strike [them] on the grounds that petitioners inappropriately attempted to supplement the administrative record and expand the scope of this litigation." Id. The Ninth Circuit denied defendants motion to strike, stating:

> Because Article III's standing requirement does not apply to agency proceedings, petitioners had no reason to include facts sufficient to establish standing as a part of the administrative record. We therefore consider the affidavits not in order to supplement the administrative record on the merits, but rather to determine whether petitioners can satisfy a prerequisite to this court's jurisdiction.

Id., at 1527-28.

Lower courts have agreed. For example, in rejecting a similar motion to strike, the District Court for the District of Oregon explained:

> [The federal government] moves to strike paragraphs 9-12 and 15 of [the standing] declaration because they include expert opinions [the declarant] is not qualified to offer. The court agrees that [the declarant's] statement[s]…do not qualify him as an expert who has the "specialized knowledge" to offer opinions on the scientific and technical matters at issue in this case.
>
> Nevertheless, [the] declaration is admissible to establish [plaintiff's] standing to bring this action. Courts assume the truth of the evidence proffered by plaintiffs solely for the

3

> purpose of establishing standing. The issue of standing, [however], should not be confused with the merits of the underlying action.

Oregon Natural Desert Association v. Rasmussen, 451 F.Supp.2d 1202, 1209 (D. Or. 2006) (internal quotes and citations omitted). See also Environmental Protection Information Center v. Blackwell, 389 F.Supp.2d 1174, 1220 (N.D. Cal. 2004) ("Ninth Circuit case law indicates that a plaintiff may submit a declaration on standing without it being considered improper extra-record evidence.")

Here, Plaintiffs expressly submitted the declarations of Kathleen Fite, Mark Nelson Salvo, and Jeremy Nichols in order to establish their standing to sue. See Dkt. 35-2 at 8 n.1. The Court has no reason to rely on these declarations for any other purpose, and Guardians has not asked it to do so. As the District Court for the Eastern District of California explained:

> Plaintiffs submitted the extra-record declaration [] in order to establish standing. To the extent that the [] declaration and attached exhibits could be used in support of other arguments, the court has not relied upon them, and plaintiffs have indicated that they do not intend the declarations be used for any other purpose than establishing standing. Therefore, the court declines to strike these declarations.

National Resources Defense Council v. United States Forest Service, 634 F. Supp. 2d 1045, 1053 (E.D. Cal. 2007) (internal quotes and citations omitted).

B.  **Guardians' Standing Declarations Contain Permissible Opinion**

Each of Guardians' three standing declarations addresses the trio of standing requirements: injury, causation, and redressibility. See Summers, 129 S.Ct. at 1149.[1] These

---

[1] The Secretary challenges Guardians' standing to sue within the context of his "Combined Memorandum of Law in Support of His Cross-Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment," Dkt. 45 at 15-18, which is outside the scope of his motion to strike. Accordingly, Guardians will respond to the Secretary's substantive attack of its standing when it files its reply in support of its motion for summary judgment on September 10, 2010. See Order, Dkt. 43, at 2. Guardians must, however, note the irony of the Secretary's concurrent arguments that Guardians has done too little *and* too much in its efforts to establish Article III standing to this Court. Compare Dkts. 45 at 15-18 (arguing that all of Guardians'

4

declarations speak to Plaintiffs' interest in the Columbian sharp-tailed grouse, why those interests are harmed by the Secretary's negative 90-day finding, and how a favorable ruling from this Court would redress such harm.  See Dkts. 35-3, 35-4, and 35-5.  This is precisely what Article III and the Supreme Court require.

The Secretary's argument that "the opinions and interpretations of the various declarants," Dkt. 46-2 at 17, are for some reason impermissible in a standing declaration is unsupported by case law.  To the contrary, the Supreme Court has made clear that, "[t]he injury must affect the plaintiff in a personal and individual way," and plaintiffs must therefore explain that injury in detail.  Lujan v. Defenders of Wildlife, 504 U.S. at 561 n.1.  How a standing declaration could establish that the declarant's professional, aesthetic, spiritual, scientific, and/or recreational interests are harmed in "a personal and individual way" without stating opinions as to how the challenged activity will degrade the declarant's interests is difficult to imagine.  While the Secretary cites to several opinions that stand for the proposition that the Court's review of the merits of Guardians' claim is limited to the administrative record proffered by the agency, he has not provided a shred of precedent to support his conclusion that the information contained in Guardians' standing declarations is improper.

### III. CONCLUSION

For all the reasons stated herein, the Court should DENY the Secretary's motion to strike portions of the Fite, Salvo, and Nichols declarations.

Dated this 3rd day of September 2010.

---

standing declarations are deficient either for want of execution or a showing of injury in fact); 46-2 at 17-18 (arguing that all of Guardians' standing declarations are overinclusive due to supposed extra-record evidence).

5

Respectfully submitted,

 s/ Melissa Anne Hailey
Melissa Anne Hailey (NM Bar # 25817)
James Jay Tutchton (CO Bar # 21138)
WildEarth Guardians
1536 Wynkoop Street, Suite 301
Denver, CO 80202
(505) 988-9126
mhailey@wildearthguardians.org
jtutchton@wildearthguardians.org

Judith M. Brawer
1502 N. 7th Street
Boise, Idaho 83702
(208) 871-0596
jbrawerlaw@cableone.net

*Attorneys for Plaintiffs*