WENDY J. OLSON, United States Attorney
NICHOLAS J. WOYCHICK, Civil Chief
U.S. Attorney's Office
District of Idaho
800 Park Blvd., Suite 600
Boise, Idaho 83712
Tel: 208-334-1211/Fax: 208-334-1414
nicholas.woychick@usdoj.gov

IGNACIA S. MORENO Assistant Attorney General
Environment & Natural Resources Division
J. BRETT GROSKO, Trial Attorney (Md. Bar)
Wildlife and Marine Resources Section
Environment and Natural Resources Division
U.S. Department of Justice,
P.O. Box 7369
Washington, DC 20044-7369
Ph: 202-305-0342/Fax: 202-305-0275
brett.grosko@usdoj.gov

*Attorneys for the Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDEARTH GUARDIANS and WESTERN WATERSHEDS PROJECT, ) ) ) Plaintiffs, ) ) vs. ) ) KEN SALAZAR, U.S. Secretary of the Interior, ) ) Defendant, and ) ) SAFARI CLUB INTERNATIONAL, AND SAFARI CLUB INTERNATIONAL INTERNATIONAL FOUNDATION, ) ) ) ) ) *Amicus curaie*. ) ) | Case No. CIV 08-508-EJL-LMB<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO STRIKE PORTIONS OF THE NICHOLS, SALVO, AND FITE DECLARATIONS** |

1

**INTRODUCTION**

Plaintiffs' Response (Dock. Entry No. 48) ("Pls. Resp.") to Defendant's motion to strike (Dock. Entry No. 46-2 at 17-18) offers no compelling reason why the portions of Plaintiffs' standing declarations attempting to demonstrate expertise and argue the merits should not be stricken. Plaintiffs' first contention is that the declarations merely offer "personal opinions alleging personal injury and continuing harm." Id. at 2. This statement, however, is belied by the declarations themselves. Second, Plaintiffs argue that they need not move to supplement the administrative record before submitting standing declarations. This is true, but a plaintiff is required to move to supplement before attempting to inject material concerning the merits or a plaintiff's alleged expertise. Indeed, Plaintiffs effectively concede that the portions of the declarations offering opinions on the scientific and technical matters at issue in this case cannot properly be considered in the Court's decision on the merits. Id. at 3-4. Accordingly, the Court should strike paragraph 6 of the Nichols Declaration (Dock. Entry No. 35-3), paragraphs 3, 5, and 6 of the Salvo Declaration (Dock. Entry No. 35-4), and paragraphs 5-8 of the Fite Declaration (Dock. Entry No. 35-5). Should the Court decide not to strike these paragraphs, it should confine its consideration of them to determining whether Plaintiffs have shown standing.

**I.      PLAINTIFFS' STANDING DECLARATIONS DO NOT MERELY ASSERT OPINIONS ALLEGING PERSONAL INJURY AND HARM.**

Plaintiffs' two arguments are easily disposed of. First, Plaintiffs contend that their standing declarations offer mere "personal opinions alleging personal injury and continuing harm." Pls. Resp. at 2. However, Plaintiffs' declarations go well beyond alleging "personal injury" and "continuing harm" to assert scientific expertise on merits issues. Id. For example, Paragraph 3 of the Salvo declaration concerns the Columbian sharp-tailed grouse's ("CSTG")

status. It purports to establish that "[o]nly 18,000 – 25,000 breeding individuals are estimated to remain in the United States." Id. This is improper. The status of the CSTG goes to the core of the parties' dispute, and Mr. Salvo's statement conflicts with evidence in the administrative record. Next, Paragraph 5 states that "[r]ecent information indicates that threats to [CSTG] may be increasing." Id. at 2-3. This contention is also at the center of this litigation. Then, Paragraph 6 states that "[a]ll [six subspecies of western grouse]—except for [CSTG]—are a candidate or currently under consideration for listing under the Endangered Species Act. The [U.S. Fish and Wildlife Service ("FWS")] has refused to protect [CSTG], even though it has experienced similar declines as other western grouse." Id. at 3 (emphasis added). Again, these statements improperly go to the status of the CSTG. Notably, Plaintiffs have not even attempted to show how these statements are necessary to establish standing. Moreover, contrary to Plaintiffs' denials, they have asked the Court to use the Salvo declaration to analyze the merits of their claims in summary judgment briefing. See Dock. Entry No. 35-1 at 1, n.2 (relying on Salvo declaration to demonstrate expertise); Pls. Resp. (Dock. Entry No. 48) at 4.

Similarly, paragraph 6 of the Nichols declaration refers to what Mr. Nichols characterizes as the "the grouse's precipitous decline and scarcity." This issue is at the heart of the parties' quarrel, and Mr. Nichols' statement appears to be offered on the merits, rather than for the purpose of establishing standing. Finally, paragraphs 5-8 of the Fite declaration appear to offer scientific opinion on the factual issues involved at the merits stage. Paragraph 5 states that in Ms. Fite's opinion, CSTG "have been extirpated over large areas of their former range in the sagebrush biome." Id. at 3-4. Similarly, Paragraph 6 includes remarks on the activities of a non-party federal agency, the U.S. Bureau of Land Management ("BLM"). Ms. Fite suggests that BLM has "renewed livestock grazing permits without sufficient environmental review", id. at 3,

3

and that as a result "exotic annual grasses, leafy spurge and other noxious weeds [have continued to advance] in sagebrush uplands that should provide grouse nesting habitat." Id. Ms. Fite goes on to imply that the federal government is responsible for "domestic cattle grazing, trampling and browse effects in riparian areas preventing recovery of willows and diverse shrubs used by [CSTG]." Id. Paragraph 7 of the Fite declaration similarly offers opinions on the propriety of BLM's land management practices. That paragraph states that BLM "has authorized high disturbance ('holistic') grazing on the [Hubbard Vineyard]" in northern Nevada. Id. at 4. Finally, Paragraph 8 states that, in Ms. Fite's opinion, CSTG reintroduction efforts in the Browns Bench-China Mountain area of Idaho will "likely fail to restore . . . leks and adjacent habitat lost in the [2007 Murphy Complex Fire] fire." Id. Ms. Fite also seeks to introduce purported evidence on conflicting resource uses, stating that "the Browns Bench-China Mountain area is . . . being considered for a huge wind farm that will have negative effects on [CSTG], sage-grouse, and other upland species." Id. These statements improperly attempt to establish expertise and inject extra-record evidence into these proceedings. These statements do not appear to be offered for the purpose of establishing standing; yet, as Plaintiffs seem to concede, they cannot properly be considered for any other purpose. Pls. Resp. at 3-4. Plaintiffs' first argument therefore fails. Planetspace, Inc. v. United States, 90 Fed. Cl. 1, 9 (2009) (striking certain paragraphs of declaration because they went primarily to merits of agency decision).

## II. PLAINTIFFS MAY NOT INJECT MATERIAL INTO THE RECORD GOING TO THE MERITS WITHOUT SEEKING LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD.

Plaintiffs' only other argument is that "standing declarations need not be entered into the administrative record supporting the Secretary [of the Interior's] administrative finding." Pls. Resp. at 2. Plaintiffs are correct that they have the burden of demonstrating standing, and they

need not move to supplement the record before filing standing declarations. Where the Plaintiffs and Defendant part company concerns whether the Salvo, Nichols, and Fite declarations go beyond the limited purpose of addressing standing by attempting to address the merits. Plaintiffs must move to supplement the record before injecting material concerning the merits or purporting to demonstrate scientific expertise. To the extent Plaintiffs' declarations exceed the limited purpose of addressing standing, they are improper. Plaintiffs were obliged to include any such extra-record material in their motion to supplement the record. (Dock. Entry No. 18); Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985); Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agric., 499 F.3d 1108, 1114 (9th Cir. 2007) (when court is presented with an administrative record, "with some narrow exceptions, neither we nor the district court may consider any other evidence."). Because Plaintiffs did not do so, their second argument also lacks merit.

## CONCLUSION

For the foregoing reasons, the Court should strike paragraph 6 of the Nichols Declaration, paragraphs 3, 5, and 6 of the Salvo Declaration, and paragraphs 5-8 of the Fite Declaration, and clarify that this material will not be received as evidence. Should the Court decline to strike these paragraphs, consideration of them should be strictly confined to assessing Plaintiffs'

standing.

                    Respectfully submitted,

                    IGNACIA S. MORENO
                    Assistant Attorney General
                    Environment & Natural Resources Division

                    */s/ J. Brett Grosko*
                    _____
                    J. BRETT GROSKO
                    Trial Attorney (Md. Bar)
                    Wildlife and Marine Resources Section
                    Environment and Natural Resources
                    Division
                    U.S. Department of Justice
                    P.O. Box 7369
                    Washington, DC 20044-7369
                    Ph: 202-305-0342/Fax: 202-305-0275
                    brett.grosko@usdoj.gov

                    *Attorneys for the Defendant*

OF COUNSEL:

Eric W. Nagle
Office of Regional Solicitor
U.S. Department of the Interior

## CERTIFICATE OF SERVICE

I hereby certify that, on September 20, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Melissa Hailey
Judith M. Brawer
James Jay Tutchton
Paul A Turcke
Douglas S Burdin
William J McGrath.

                                */s/ J. Brett Grosko*
                                J. Brett Grosko